UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ELDRACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 14-1414 JPG/DGW |
| | ) |
| HONEYWELL, INC., *doing business as* | ) |
| Honeywell Perfomance Materials and Technologies, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the  complaint (Doc. 2) filed by plaintiff :

- **Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence.  28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient.  *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship.  *Held*, 137 F.3d at 1000.  Complaint alleges residence but not citizenship of plaintiff.

- **Failure to allege the citizenship of a corporation.**  A corporation is a citizen of both the state of its principal place of business and the state of its incorporation.  28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations.  *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). Complaint alleges state of incorporation of defendant but not principal place of business.

The Court hereby **ORDERS** that David Eldracher, shall have up to and including , January 13, 2015 to amend the faulty pleading to correct the jurisdictional defects.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: December 30, 2014**

          *s/J. Phil Gilbert*
          **U.S. DISTRICT JUDGE**