UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ELDRACHER,

    Plaintiff,

  v.

HONEYWELL, INC., d/b/a Honeywell
Performance Materials and Technologies, and
HONEYWELL INTERNATIONAL, INC.,
d/b/a Honeywell Performance Materials and
Technologies,

    Defendants.

Case No. 14-cv-1414-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Honeywell International, Inc. d/b/a Honeywell Performance Materials and Technologies ("Honeywell") (Doc. 11). Plaintiff David Eldracher has responded to the motion (Doc. 14), and Honeywell has replied to that response (Doc. 15).

This case arose after Eldracher, an employee of Bowen Engineering Corporation, was exposed to toxic substances while working as an ironworker at Honeywell's Metropolis, Illinois, plant. He has sued for negligence, alleging that the defendants failed to provide adequate safety equipment or to stop work being performed in an unsafe manner. Eldracher claims that, as a result, he suffered health problems, has incurred significant medical expenses, and can no longer work as an ironworker. He is suing for compensatory and punitive damages.

Honeywell asks the Court to dismiss Eldracher's claims for punitive damages on the grounds that they are not supported by sufficient factual pleading as required by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), to support a finding of willful and wanton conduct. Eldracher argues the facts in his amended complaint are sufficient support a punitive damages award.

The parties' arguments are misplaced. Rule 12(b)(6) is the avenue to seek dismissal of an insufficiently stated claim. However, a prayer for punitive damages is not a *claim* but instead only a *type of remedy* available when a plaintiff is successful on a claim. *Vincent v. Alden-Park Strathmoor, Inc.*, 948 N.E.2d 610, 615 (Ill. 2011). Therefore, Rule 12(b)(6) is inapplicable in this situation.

To the extent Honeywell actually seeks to strike the prayer for punitive damages under Federal Rule of Civil Procedure 12(f), *see, e.g., Allison v. Dugan*, 737 F. Supp. 1043, 1049-50 (N.D. Ind. 1990), *aff'd in part and rev'd in part on other grounds*, 951 F.2d 828 (7th Cir. 1992), that course is not warranted. Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. For example, prayers for relief should be

stricken when they seek relief that is not recoverable as a matter of law.  *See Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009).   The burden on a motion to strike is upon the moving party.  *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

Here, Honeywell has not carried that burden.   Under Illinois law, punitive damages have some relation and are not logically unconnected to negligence claims.   While simple negligence will not justify an award of punitive damages, willful and wanton conduct does.   *Jentz v. ConAgra Foods, Inc.*, 767 F.3d 688, 693 (7th Cir. 2014) (citing *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 358 (1978)), *cert. denied*, 135 S. Ct. 1472 (2015).   "Willful and wanton conduct is found where an act was done with actual intention or with a conscious disregard or indifference for the consequences when the known safety of other persons was involved."  *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 522, 532 (Ill. 1992) (internal quotations omitted); *see Adkins v. Sarah Bush Lincoln Health Ctr.,* 544 N.E.2d 733, 743 (Ill. 1989); *Poole v. City of Rolling Meadows,* 656 N.E.2d 768, 771 (Ill. 1995); *Jentz*, 767 F.3d at 693 (willful and wanton conduct "entails at least a gross deviation from the standard of care") (internal quotations omitted). Proving "conscious disregard or indifference for" others' safety or a "gross deviation from the standard of care" essentially requires the same elements as negligence except a more culpable mental state.   Whether the evidence is sufficient to show this heightened state of mind rather than mere negligence is a question for the jury.

Furthermore, Honeywell has not shown it will be prejudiced from allowing the question of punitive damages to remain in the Amended Complaint.   Because discovery will focus on the same relevant events regardless of whether those events were the produce of negligence or

recklessness (or neither), allowing the prospect of punitive damages to remain will not cause any party to spend its resources litigating spurious matters. Honeywell has not pointed to any other possible prejudice it might suffer.

Most importantly, it is immaterial whether Eldracher's pleading seeks punitive damages. Under federal pleading rules, the Court is permitted to award any warranted relief regardless of what the plaintiff seeks in his complaint. *See* Fed. R. Civ. P. 54(c) ("Every other final judgment [other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Thus, even if Eldracher had not alleged willful and wanton conduct and prayed for punitive damages, the Court could still award that relief if the evidence warranted it.

For the foregoing reasons, the Court **DENIES** Honeywell's motion to dismiss (Doc. 11).

The Court further construes footnote 1 of Eldracher's response as a notice of dismissal of defendant Honeywell, Inc. pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action against a defendant without a court order at any time before the opposing party serves an answer or a motion for summary judgment. Honeywell, Inc. has not served an answer or motion for summary judgment in this case. Because Eldracher has an absolute right to dismiss his claims against Honeywell, Inc. at the present time, the Court finds that those claims are **DISMISSED without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case. Honeywell, Inc. is terminated as a party to this case.

**IT IS SO ORDERED.**
**DATED: May 28, 2015**

                 s/ J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**